Cynthia BARRETT, Sun Splash, Inc., and Baron C. Smith, Plaintiffs,

v.

CITY OF ALLENTOWN, Joseph Daddona, Wayne Stephens, Joseph N. Hanna, Dean Schwartz–Detective, M. Conway #C–1568, John Doe—Police Officer, John Doe—Police Officer, Supreme Auto Body Works, Michael Fonzone, Joseph Reiley, John Doe—Tow Truck Driver, Defendants.

Civil A. No. 92–5024.

United States District Court, E.D. Pennsylvania.

Oct. 13, 1993.

**52**

Cynthia Barrett, pro se.

Sun–Splash, Inc., pro se.

Baron C. Smith, pro se.

Appearance Not Entered for defendants.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendants Supreme Auto Body Works, Michael Fonzone, and Joseph Reiley ("Defendants" or "Auto Body Defendants") move to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(6) and/or to strike various portions of the complaint pursuant to Fed. R.Civ.P. 8(a) or 12(f). In the alternative, the Auto Body Defendants seek a more definite statement of the claims against them pursuant to Fed.R.Civ.P. 12(e).[1] The plaintiffs, Cynthia Barrett, Sun Splash, Inc. and Baron C. Smith ("Plaintiffs") have jointly filed a single affidavit in opposition to this motion to dismiss. Because the Plaintiffs appear pro se, the Court will treat the affidavit as a formal response to the Auto Body Defendants' motion.

For the reasons stated below, the Court strikes the section of the Complaint entitled "Legal Argument" and dismisses all counts against each of the Auto Body Defendants.[2]

---

1. The "Auto Body Defendants" incorrectly identify the basis for the motion for a more definite statement as Pa.R.Civ.P. 12(a).

2. The Court notes that proof of proper service of process has not been made in this action and that the Defendants have probably been incorrectly served. Because the Court does not possess all information necessary to make a fair evaluation of the propriety of service and because the Auto Body Defendants have not questioned the sufficiency of service, the Court will not at this juncture address that issue. The Court simply notes that in addition to the reasons set forth in the Memorandum, this action likely fails for insufficient process.

## Background

This action arises from events occurring on October 15, 1990. According to the Complaint, Allentown police officers arrived at the home of Cynthia Barrett and Baron C. Smith, with a warrant for the arrest of Smith. As they approached the house they saw a man, Ms. Barrett's nephew, empty a large box from the car parked in Barrett's driveway. The car belonged to Sun Splash, Inc., a corporation in which Smith is a shareholder.

When the officers approached the house, Ms. Barrett told them that Smith was not at home. The officers entered the house to search for Smith but did not find him. The police officers then asked for the keys to the car. The officers searched the car and summoned Supreme Auto Body Works to tow the car. Although the Complaint is not specific, presumably the car was taken to police headquarters. According to the Complaint, police officers arrested Baron Smith at the Berks County Prison on October 22, 1990. At that time, Mr. Smith asked police Sergeant Joseph Hanna if the auto would be returned. Sergeant Hanna promised to release the vehicle. Ms. Barrett brought proper identification to police headquarters, but Sergeant Hanna refused to turn over possession of the auto. A preliminary hearing in Mr. Baron's criminal action was held several weeks later. At the hearing the confiscation of the automobile was discussed, but the Complaint fails to detail the substance of the hearing. Apparently, although the Complaint does not specify, the automobile has not yet been returned to Ms. Barrett.

Plaintiffs bring this suit alleging that the search of Barrett's home and confiscation of the automobile violated the Plaintiffs' civil rights. The Plaintiffs filed a 21–count complaint replete with rambling allegations which are difficult to comprehend. Following the description of the counts, Plaintiffs undertake a 35–page legal argument in support of their complaint. In order to resolve the motions pending before the Court as efficiently as possible, the Court will first consider Defendants' motion to strike pursuant Fed.R.Civ.P. 8(a) and 12(f). The Court will then undertake a discussion of the merits of the motion to dismiss pursuant to Rule 12(b)(6). The Court's rulings on these matters dismisses the Complaint in its entirety, and therefore the Court will not address Defendants' motion for a more definite statement.

## Motion to Strike

Fed.R.Civ.P. 12(f) permits a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are normally disfavored, they are appropriately used to remove material that is improper, as a matter of law, and that would prejudice other parties. *United States v. Geppert Bros.* 638 F.Supp. 996, 998 (E.D.Pa.1986). The Auto Body Defendants assert that the section of the Complaint entitled "Legal Claim" contained in pages 15–48 is redundant, immaterial and impertinent. The Court agrees. Rule 8 requires that a pleading consist of a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of a claim showing that the pleader is entitled to relief, and a demand for judgment. The material contained in pages 15—48 is legal argument in support of the claims. It would be unfair to allow this material to remain in the Complaint because Defendants would be compelled to weed through the verbiage and respond to the material contained therein or risk having the material deemed admitted. Retention of this material would be prejudicial to Defendants. Accordingly, the Auto Body Defendants' motion to strike all material contained in the complaint under the heading "Legal Claim" is GRANTED.

## Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). The Court may grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of

**54**

facts in support of his or her claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Frazier v. Southeastern Pa. Transp. Auth.,* 785 F.2d 65, 66 (3d Cir. 1986). The Court will analyze the sufficiency of each Count contained in the Complaint in turn.

*Count 1*

■ Count 1 is vague and provides no factual allegations to aid the Court in evaluating the claim. The Plaintiffs state in conclusory manner that the Defendants denied Plaintiffs their constitutional rights as secured them in the fourth, eighth, ninth, tenth and fourteenth amendments because Plaintiffs are black. Plaintiffs provide no facts whatsoever to support their claim. This count does not contain the requisite specificity for a civil rights complaint, even granting Plaintiffs leniency in light of their pro se status. *See Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981); *Rotolo v. Charleroi,* 532 F.2d 920 (3d Cir.1976). Each count of a Complaint must identify the particular defendants and the particular acts they allegedly committed which give rise to the particular cause of action set forth in that count. Accordingly, Count 1 is DISMISSED as frivolous.

*Counts 2, 3, 4, 5, 7, 8, 11 and 14*

■ Counts 2, 3, 4, 5, 7, 8, 11, and 14 do not allege any conduct by the Auto Body Defendants. It is axiomatic that a plaintiff can collect damages under a count only where the defendants are named as responsible parties. *See Schwartz v. Steven Kramer & Assoc.,* No. CIV.A. 90–4943, 1991 WL 133507 (E.D.Pa. July 17, 1991). Plaintiffs have not named the Auto Body Defendants under counts 2, 3, 4, 5, 7, 8, 11 or 14 as responsible parties. Accordingly, the Auto Body Defendants' motion to dismiss these counts is GRANTED for failure to state a claim upon which relief may be granted.

*Counts 6, 9 and 10*

■ Counts 6, 9 and 10 vaguely allege that all of the Defendants, including the Allentown Defendants, conspired to deprive Plaintiffs of their property. A negligent or intentional unauthorized deprivation of property by a state agent does not constitute a violation of the procedural requirements of the due process clause of the fourteenth amendment if a meaningful post-deprivation remedy is available. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Plaintiffs have not provided the Court with sufficient facts to determine if the hearing at which the auto was discussed constituted a post-deprivation hearing. Thus, the Court is unable to conclude whether Plaintiffs allege a wrongful deprivation of property.

■ Even if Plaintiffs can properly allege a cause of action for wrongful deprivation of property, a Section 1983 action is not the appropriate means to obtain a remedy. Claims may not be brought pursuant to Section 1983 where an adequate state remedy exists. *Jones v. Waters,* 570 F.Supp. 1292, 1298 (E.D.Pa.1983); *Hodgin v. Agents of Montgomery County,* 619 F.Supp. 1550, 1553 (E.D.Pa.1985). The Pennsylvania Tort Claims Act, 42 Pa.C.S.A. §§ 8542, 8550 provides Plaintiffs with the process that is due to recover property if it has been improperly misappropriated. Therefore, these claims are not a proper subject of a Section 1983 action.

■ Counts 9 and 10 also vaguely allege that Plaintiffs were denied equal protection in contravention of the fourteenth amendment. Plaintiffs assert that the auto was confiscated because Plaintiffs are black but the auto would not have been confiscated if they were white. In order to establish a claim under Section 1983 for denial of the equal protection clause a plaintiff must eventually prove that they received treatment that was different than similarly situated individuals. *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990); *House v. New Castle County,* 824 F.Supp. 477 (D.Del. 1993). A bald assertion that Plaintiffs would have been treated differently had they been white is hardly a sufficient basis for alleging that they have been denied equal protection. The Complaint offers no facts which even remotely suggest that Plaintiffs received

treatment that was different from others similarly situated on account of their race. Bald and conclusory allegations cannot withstand a motion to dismiss. Accordingly, counts 6, 9, and 10 are dismissed because they do not adequately allege a cause of action under either the equal protection or due process clauses of the fourteenth amendment.

### Counts 11, 12 and 16

 Counts 11, 12 and 16 allege a civil RICO cause of action under 18 U.S.C. §§ 1961, 1962. Defendants assert that Plaintiffs' RICO claims must be dismissed because the Complaint fails to allege any facts constituting a pattern of racketeering or corrupt influence. The Court agrees. RICO prohibits persons from engaging in a pattern of racketeering activity or collection of unlawful debt. A pattern of racketeering activity requires at least two acts within ten years of each other. 18 U.S.C. § 1961; *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Plaintiffs have alleged one act by the Auto Body Defendants giving rise to this suit—the towing of the Sun Splash, Inc. auto. Plaintiffs fail to even allege a pattern of activity. One act, even if capable of constituting a predicate act under 18 U.S.C. § 1961, does not give rise to a pattern of racketeering activity. *Creech v. Federal Land Bank,* 647 F.Supp. 1097, 1100 (D.Colo.1986). Moreover, Plaintiffs fail to allege that the Auto Body Defendants and Allentown Defendants are an enterprise. There is no suggestion in the Complaint that the Allentown Defendants have ever had any dealing with the Auto Body Defendants prior to the incident giving rise to the action. RICO requires that a defendant be associated with an enterprise and participate in the affairs of the enterprise through a pattern of racketeering. The enterprise must have an existence separate and apart from the racketeering activity. *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). It is difficult indeed to imagine an enterprise between the Allentown Defendants and the Auto Body Defendants when Plaintiffs have not alleged a prior course of dealing between those parties. For these reasons, Counts 11, 12 and 16 are DISMISSED.

### Count 13

 Count 13 alleges that the Defendants violated the Plaintiffs' eighth amendment rights. The count does not specify which Defendants are being accused of this or which Plaintiff's rights were allegedly violated. The only harmful conduct allegedly committed by the Auto Body Defendants is the towing of the Sun Splash, Inc. auto. There are many reasons why such conduct, standing alone cannot possibly give rise to a violation of another's eighth amendment rights. First, Sun Splash, Inc. is the only party with standing to sue for deprivation of the automobile and it is unlikely that a corporation could maintain a civil rights action for violations of the eighth amendment. Moreover, the towing of an automobile hardly constitutes cruel or unusual punishment. In order to allege an eighth Amendment violation, a plaintiff must allege that an agent of the state committed an act of punishment shocking to the conscience. *Roach v. Kligman,* 412 F.Supp. 521, 526 (E.D.Pa.1976). The deprivation of property does not rise to this level. Furthermore, allegations of more than one isolated incident of misconduct are necessary to invoke the eighth amendment under the Civil Rights Act. *Patricia B. v. Jones,* 454 F.Supp. 18 (W.D.Pa.1978). Count 13 is DISMISSED for failure to state a claim upon which relief may be granted.

### Counts 16, 17, 18, 19, 20 and 21

Counts 16, 17, 18, 19, 20 and 21 allege violations of 18 U.S.C. § 1957, 15 U.S.C. § 77q, 18 U.S.C. § 1341, 18 U.S.C. § 1951, 18 U.S.C. § 1952 and 18 U.S.C. § 1956, respectively. Defendants claim that no private cause of action exists under these statutes. The Court agrees.

 Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137–38 (4th Cir.1987) (no civil cause of action where no affirmative indication that Congress intended to furnish a civil remedy);

Ryan v. Ohio Edison Co., 611 F.2d 1170 (6th Cir.1979); Bell v. Health–Mor, Inc., 549 F.2d 342 (5th Cir.1977); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097 (D.Colo. 1986).

■■■ No private right of action exists under 18 U.S.C. § 1957. Schwartz v. F.S. & O. Assoc., No. CIV.A. 90–1606, 1991 WL 208056 (S.D.N.Y. Sept. 27, 1991). No private right of action exists under 15 U.S.C. § 77q. Kimmel v. Peterson, 565 F.Supp. 476 (E.D.Pa.1983); Sowell v. Butcher & Singer, Inc., No. CIV.A. 84–0714, 1987 WL 10712 (E.D.Pa. May 13, 1987). The Circuits which have addressed the issue generally agree with this conclusion. Ohio v. Peterson, Lowry, Rall, Barber & Ross, 651 F.2d 687, 689, n. 1 (10th Cir.), cert. denied, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981). No private right of action exists under 18 U.S.C. § 1341. Ryan v. Ohio Edison Co., 611 F.2d 1170 (6th Cir.1979); Krupnick v. Union Nat'l Bank, 470 F.Supp. 1037, 1038 (W.D.Pa.1979). Similarly, 18 U.S.C. § 1951 is a bare criminal statute which contains no indication that a civil remedy is available. Creech v. Federal Land Bank of Wichita, 647 F.Supp. at 1099. No civil action has been held to exist under either 18 U.S.C. § 1952 or 18 U.S.C. § 1956. Schwartz v. F.S. & O. Assoc., No. CIV.A. 90–1606, 1991 WL 208056 (S.D.N.Y. Sept. 27, 1991); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). For the foregoing reasons, counts 16, 17, 18, 19, 20, and 21 are dismissed.

*Count 15*

■■ Count 15 asserts a pendent state law claim for negligence against Supreme Auto Body Works. In the absence of a viable federal claim against a defendant, a court may decline to accept pendent jurisdiction over state claims against the defendant. Agresta v. City of Philadelphia, 694 F.Supp. 117, 124 (E.D.Pa.1988); Lopuszanski v. Fabey, 560 F.Supp. 3, 5 (E.D.Pa.1982). Because all federal claims asserted against the Auto Body Defendants have been dismissed from the action, the Court declines to exercise pendent jurisdiction and accordingly DISMISSES Count 15.

*Conclusion*

For all of the foregoing reasons, the section of the Complaint entitled "Legal Argument" is stricken from the Complaint. Counts 1–21 are DISMISSED as to all of the Auto Body Defendants. Additionally, all counts are dismissed against John Doe, an unnamed tow truck driver who has never been identified nor served with process. An appropriate Order follows.

### ORDER

Upon consideration of the motion of the Auto Body Defendants, the Plaintiffs' affidavit in response thereto and for the reasons stated in the accompanying Memorandum, the portion of Plaintiffs' Complaint entitled "Legal Argument" is stricken. The Complaint is DISMISSED in its entirety as to Supreme Auto Body Works, Joseph Reiley and John Doe, a tow truck driver, who were named in the original Complaint and Michael Fonzone who was added to this action by amendment.

**IT IS SO ORDERED**